# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| JOHN E. KELLY, | CASE NO. 13cv0236 DMS (KSC) |
|---|---|
| Petitioner, | **ORDER (1) ADOPTING THE RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE; AND (2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| JEFFREY BEARD, | |
| Respondent. | |

Before the Court is United States Magistrate Judge Karen S. Crawford's Report and Recommendation ("R&R") recommending that the Court grant Respondent Jeffrey Beard's ("Respondent") motion to dismiss the present Petition as untimely. There are no objections to the R&R. For the reasons set forth below, this Court **ADOPT**S the R&R and **DISMISSES** the Petition in its entirety.

## I.

## DISCUSSION

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, challenging his 1997 conviction and sentence for robbery. Respondent asserts the Petition is barred by AEDPA's one-year statute of limitations. Magistrate Judge Crawford agreed with Respondent, and recommended that the Court grant Respondent's motion to dismiss.

/ / /

/ / /

**A.     Standard of Review**

The duties of the district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (2005). The district court must "make a *de novo* determination of those portions of the report...to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2005). In this case, there are no objections to the R&R. However, there are a few modifications that need to be made to the analysis of statutory tolling.

**B.     Statute of Limitations**

AEDPA sets out a one-year period of limitation for state habeas corpus petitions. *See* 28 U.S.C.A. § 2244(d)(1). It provides:

> The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, there is a dispute about whether Petitioner is challenging a 1991 conviction or his 1997 conviction. Assuming Petitioner is challenging his 1991 conviction, the Magistrate Judge found the present Petition would be untimely, and the Court agrees with that analysis.

Assuming Petitioner is challenging his 1997 conviction, the Magistrate Judge also found the present Petition would be untimely. The Court agrees with that conclusion, but with the following modifications to the analysis.

The Magistrate Judge found Petitioner's 1997 conviction became final on March 16, 1999, ninety days after the California Supreme Court denied Petitioner's co-defendant's petition for review.

1  However, as the Magistrate Judge pointed out, the petition for review was filed on behalf of
2  Petitioner's co-defendant. Petitioner did not file a petition for review of the court of appeal decision.
3  Therefore, the court of appeal decision became final as to Petitioner on October 9, 1998. *See* Cal.
4  Rule of Court 8.264(b)(1). Petitioner had ten days from that date, or until October 20, 1998, in which
5  to file a petition for review, *see* Cal. Rule of Court 8.500(e)(1), which he did not do. Thus, his
6  conviction became final on that date, October 20, 1998, and he had until October 20, 1999, within
7  which to file his federal habeas petition.

8  Petitioner did not file his federal petition by that date. However, on September 21, 1999, he
9  did file a habeas petition in the San Diego Superior Court. (*See* Lodgment 22.) By that date, 336 days
10 had expired from his one-year statute of limitations. While that petition was pending, Petitioner's
11 statute of limitation was tolled. *See* 28 U.S.C. §2244(d)(2). The statute of limitations continued to
12 be tolled while Petitioner filed four additional petitions in Superior Court and one petition in the
13 California Court of Appeal. *See King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) (*per curiam*) (stating
14 successive or subsequent petitions warrant tolling of the statute of limitations if they are "limited to
15 an elaboration of the facts relating to the claims in the first petition" and "denied on the merits[.]")
16 The last of those petitions was filed in Superior Court on April 17, 2001, and denied on May 30, 2001.
17 (*See* Lodgments 32, 33.)

18 Petitioner thereafter filed two additional petitions in the Court of Appeal, (*see* Lodgments 34,
19 35), which were denied as untimely. (*See* Lodgments 36, 37.) Thus, Petitioner's statute of limitations
20 restarted on May 30, 2001, when the Superior Court denied his last habeas petition. *King*, 340 F.3d
21 at 823 (stating time gap between second or successive petitions is not tolled if second or successive
22 petition is deemed untimely). As of that date, Petitioner had 29 days left to file his federal habeas
23 petition. He did not do so. Nor did he file any additional petitions in state court that could have
24 further tolled his statute of limitations. (*See* Lodgments 34, 35) (filed on July 6, 2001, or 37 days after
25 May 30, 2001).

26 With these modifications, the Court agrees with the Magistrate Judge's finding that, to the
27 extent Petitioner is challenging his 1997 conviction, the present Petition is untimely.
28 ///

## II.

## CONCLUSION AND ORDER

For the reasons stated above, the Court **ADOPTS** the recommendation contained in the Magistrate Judge's R&R, **GRANTS** Respondent's motion to dismiss and **DISMISSES** this case with prejudice.

**IT IS SO ORDERED.**

DATED: March 6, 2014

HON. DANA M. SABRAW
United States District Judge